IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ROXANNA ARAMJOO, | ) | |
| Plaintiff, | ) | 4:11-cv-00077-DGK |
| | ) | |
| v. | ) | Judge Kays |
| | ) | |
| SALLIE MAE INC., incorrectly named | ) | |
| as SALLIE MAE SERVICING | ) | |
| CORPORATION, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

**I.    INTRODUCTION**

Defendant's suggestion that it accessed Plaintiff's credit report permissibly pursuant to 15 U.S.C. § 1681b(a)(3)(A) is without merit. The aforesaid provision states that access of a consumer's credit report is permitted if one "intends to use the information in connection with a credit transaction involving the **consumer** on whom the information is to be furnished and involving the extension of credit to, or review or collection of account of, the **consumer**." *Id. (Emphasis added).*

Courts interpreting the aforesaid provision have limited the meaning of the term "consumer" as defined by the statute and have held that individuals who have had accounts opened in their name but without their knowledge, for example due to theft or fraud, are not "consumers" thus preventing putative creditors from impermissibly accessing their credit reports. Thus, even if Defendant accessed Plaintiff's credit report to ostensibly collect on an account, the account was not the responsibility of Plaintiff, a fact known to Defendant; hence, its access was impermissible as Plaintiff was not the true consumer associated with the account.

1

## II. BACKGROUND

Plaintiff's supposed account with Defendant was opened as a result of the fraudulent conduct of a third-party. (Plaintiff's First Amended Complaint (hereinafter, "FAC") ¶¶9-11). Defendant was aware that Plaintiff was not the consumer who opened the account and that she had no business relationship with Defendant; further, Defendant was in possession of information that demonstrated that Plaintiff did not voluntarily open the account. (FAC ¶¶12-18, 21). Moreover, Defendant had, in January 2007, previously requested that the credit reporting agencies delete the account at issue from Plaintiff's credit file, demonstrating that Defendant was cognizant of the status and illegitimacy of the account.

Despite the fact that Plaintiff never opened the account with Defendant, and despite Defendant having been apprised of this fact, Defendant requested that the credit reporting agencies furnish it with details about Plaintiff's credit file, i.e., it requested Plaintiff's credit report. (FAC ¶19). Defendant never obtained consent from Plaintiff to access her credit report and never informed Plaintiff of its intent to do so. (FAC ¶¶ 20,22).

Viewing the allegations in Plaintiff's complaint as true, it is evident that Plaintiff has stated a colorable claim for Defendant's impermissible access of her credit report in violation of the FCRA and serve to defeat Defendant's assertion that its access of Plaintiff's credit report was permissible pursuant to 15 U.S.C. § 1681b(a)(3)(A).

## III. ARGUMENT

The case of *Andrews v. TRW, Inc.*, 225 F.3d 1063, 1067 (9th Cir. 2000), rev'd on other grounds, *TRW, Inc. v. Andrews*, 534 U.S. 19, 122 (2001), in instructive in defining what constitutes the meaning of a "consumer" as set forth in 1681(b)(3)(A) and when a consumer's credit report can be accessed. *See also Pintos v. Pacific Creditors Association,* 565 F.3d 1106
2

(9th Cir 2009). In *Andrews*, the plaintiff's identity was stolen and used by an imposter to apply for credit from various creditors. *Andrews*, 225 F.3d at 1065. The plaintiff was unaware that the imposter had submitted various credit applications on her behalf and the defendant consumer reporting agency then furnished the plaintiff's credit report to the myriad creditors to which the imposter had applied for credit. *Id.*

Upon discovering that her identity had been stolen, the plaintiff filed a complaint against defendant, pursuant to 15 U.S.C. 1681b and 1681e(a), for impermissibly furnishing her credit report to the various creditors to whom the imposter had contacted to obtain credit. *Id* While the district court ruled that the creditors who obtained the plaintiff's credit report had done so for a permissible purpose under 1681b(a)(3)(A) (as it concluded that the plaintiff was "involved" in the credit transaction initiated by the imposter, even if the involvement was against her will. *Id.* at 1066), on appeal the Ninth Circuit reversed.

The Court evaluated the meaning of the term "involvement" under 1681b(a)(3)(A) and determined that the plaintiff was **not involved** in the consumer transaction as the credit accounts were unknowingly opened by an imposter and not the plaintiff. *Id. a*t 1067 to 1068. (*Emphasis added*). The *Andrews* court held:

> "[t]he statutory phrase is a 'credit transaction involving the consumer.' 15 U.S.C. 1681b(a)(3)(A). 'Involve' has two dictionary meanings that are relevant: (1) 'to draw in as a participant' or (2) 'to oblige to become associated.' The district court understood the word in the second sense. We are reluctant to conclude that Congress meant to harness any consumer to any transaction where a crook chose to use his or her number. The first meaning of the statutory term must be preferred here. In that sense the [p]laintiff was not involved." *Id.* at 1067.

In the matter at bar, Plaintiff's alleged account with Defendant was unknowingly opened in Plaintiff's name by a third-party engaging in fraud. Plaintiff was not involved in the opening of the account with Defendant and Defendant was very much aware of this fact. As such,

3

Defendant's claims that it intended to use Plaintiff's credit report in connection with the collection of an account of the consumer, namely Plaintiff, is inappropriate as Plaintiff was not "involved" in opening the account, and therefore Plaintiff was not a "consumer."

The ruling in *Andrews,* has been adopted by numerous courts that seek to protect individuals like Plaintiff whose credit reports were accessed by entities with whom said individuals never initiated credit transactions. In *Pintos,* for example, the plaintiff's vehicle was towed and the plaintiff had not paid off the lien of the vehicle which was then transferred to a debt collector. *Pintos,* 565 F.3d at 1110-1111. The debt collector obtained the plaintiff's credit report to attempt to collect the deficiency balance of the lien; the plaintiff then filed suit against the defendant for its access of the plaintiff's credit report. *Id.* at 1111.

The defendant debt collector claimed its access of the credit report was permissible pursuant to 1681b(a)(3)(A) and the district court agreed granting summary judgment to the defendant. *Id.* at 1111-1112. On appeal, however, the appellate court held that the defendant's access of the credit report was impermissible as the plaintiff was not "involved in a credit transaction" relative to the underlying debt and it reversed the district court's summary judgment ruling. *Id.* at 1112-1114. Citing to *Andrews,* the *Pintos* court ruled that the plaintiff "was not as completely distant from the transaction as the victim of identity theft as in *Andrews*, but neither was she a participant in the typical transaction where an extension of credit is requested…[the plaintiff] did not initiate the transaction that resulted in [the defendant] requesting her credit report. Also, in *Stergiopoulos v. First Midwest Bancorp, Inc.* 427 F.3d 1043, 1047 (7th Cir. 2001), the court held that 1681b(a)(3)(A) can be relied upon by the party requesting a credit report 'only if the consumer initiates the transaction.'" *Id.* at 113; *see also Andrews,* 225 F.3d at 1067. In the present case, the consumer made no effort whatsoever to initiate the "transaction".

4

In *Stergiopoulos*, the plaintiffs were deemed to have initiated credit transactions allowing the defendant to access their credit reports when they signed contracts with car dealerships that stated that third-party finance companies, like the defendant, could access their credit reports for the purpose of determining if they would provide vehicle financing to the consumers. 427 F.3d 1043. Plaintiff at bar, unlike the plaintiffs in *Stergiopoulos* and parallel to the plaintiff in *Pintos*, was not a participant in the consumer transaction with Defendant; therefore Defendant had no permissible purpose to access her credit report.

Similar to the holdings in other cases, Plaintiff's cause of action is viable. *See Sather v. Weintraut*, 2003 WL 21692111, 2 (D. Minn 2003)(denying defendant's motion for summary judgment pursuant to 1681b(a)(3)(A) when judgment-creditor accessed the credit reports of a corporation's sole shareholder and her husband when attempting to collect on a judgment against the corporation); *Novak v. Experian Information Solutions, Inc. et. al.*, 2011 WL 814968 (N.D. Ill. 2011)(holding defendant, a utility company, impermissibly accessed plaintiff's credit report to review an account when the account holder and recipient of utility services was not plaintiff, but granting the defendant's motion to dismiss because the plaintiff could not prove damages).

### IV. CONCLUSION

Defendant's contention that its actions fall within the confines of 15 U.S.C. § 1681b(a)(3)(A) is without merit given that Plaintiff was not the true consumer who opened the account at issue. Further, the information Plaintiff provided to Defendant regarding the unauthorized opening of the account made Defendant aware that its access of her credit report was impermissible. Taking the facts in Plaintiff's Complaint as true and viewing them in the light most favorable to the non-moving party, Plaintiff has stated a valid cause of action warranting the denial of Defendant's motion to dismiss.

5

WHEREFORE, Plaintiff, ROXANNA ARAMJOO, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., respectfully renews her request that Defendant's, SALLIE MAE INC., incorrectly named as SALLIE MAE SERVICING CORPORATION, Motion to be Dismiss be denied.

                Respectfully submitted,
                **ROXANNA ARAMJOO**

By:    s/ Joan M. Landmann
          Attorney for Plaintiff

Joan M. Landmann (Bar # 57461)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 4000
Chicago, IL 60601
Telephone: (888) 822-1777 (x816)
Facsimile: (888) 418-1277
E-Mail: jlandmann@smithlaw.us

6

Case 4:11-cv-00077-DGK   Document 24   Filed 07/15/11   Page 6 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ROXANNA ARAMJOO, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11-cv-00077-DGK |
| | ) | |
| v. | ) | |
| | ) | Judge Kays |
| | ) | |
| SALLIE MAE INC., incorrectly named | ) | |
| as SALLIE MAE SERVICING | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

To: Johnny S Wang
Hinshaw & Culbertson, LLP
701 Market St., Suite 1300
St. Louis MO 63101-1843

I, Joan M. Landmann, an attorney, certify that I shall cause to be served a copy of **Plaintiff's Supplemental Brief Opposition to Defendant's Motion to Dismiss**, upon the above named individual(s) by: depositing same in the U.S. Mail box at 205 North Michigan Avenue, 40th Floor, Chicago, IL 60601, on **July 15, 2011**, postage prepaid; messenger delivery; Federal Express; facsimile transmitted from (888) 418-1277; email; and/or electronically via the Case Management/Electronic Case Filing system ("ECF"), as indicated below.

  x   ECF

By:   s/ Joan M. Landmann
     Attorney for Plaintiff

Joan M. Landmann (Bar # 57461)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 4000
Chicago, IL 60601
Telephone: (888) 822-1777 (x816)
Facsimile: (888) 418-1277
E-Mail: jlandmann@smithlaw.us

7