# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| ROXANNA ARAMJOO, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:11-cv-00077-DGK |
| SALLIE MAE INC., | ) |  |
| Defendant. | ) |  |

## ORDER DENYING MOTION TO DISMISS

This case arises from Defendant's alleged unauthorized use of Plaintiff's credit files. Plaintiff Roxanna Aramjoo contends that a third party fraudulently obtained a debt in her name from Defendant Sallie Mae Inc. Plaintiff denies any creditor/debtor relationship with Defendant and further alleges that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(f), by impermissibly accessing Plaintiff's credit files while attempting to collect this debt. Plaintiff pleads financial and dignitary damages as a result of the violation.

Now before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss for failure to state a claim (doc. 14). Defendant first asserts that Plaintiff's invasion of privacy claim is insufficient and precluded by the FCRA. This contention, however, is moot as Plaintiff makes no invasion of privacy tort claim in the Complaint. The request to dismiss a non-existent claim will not be discussed by this Court.[1] Defendant next contends that the Complaint insufficiently pleads damages, fails to invoke negligent or willful violations and that any access to the credit information was done for a permissible purpose under 15 U.S.C. § 1681b(a)(3)(A). Plaintiff responds that Defendant's access of Plaintiff's credit file was impermissible because Defendant

---

[1] Plaintiff cites invasion of privacy as part of the dignitary harm caused by the impermissible access. Though Plaintiff uses the phrase "invasion of privacy," Plaintiff argues that she is not attempting to plead an invasion of privacy tort claim and only uses the phrase to refer to harms resulting from the FCRA violation.

was aware Plaintiff did not owe the outstanding debt. The Court finds Defendant failed to meet its burden for a motion to dismiss. Accordingly, the Motion is DENIED.

## Standard

In reviewing the adequacy of a complaint, a court assumes the factual allegations are true and construes them in the light most favorable to Plaintiff. *Data Mfg., Inc. v. UPS, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint does not require "detailed factual allegations," but must contain enough specificity "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This plausibility requirement "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id*. at 556.

## Discussion

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). In keeping with this purpose, the FCRA prohibits a person from obtaining "a consumer report for any purpose" unless the purpose is authorized by the FCRA and the purpose is certified by the user. 15 U.S.C. § 1681b(f). Plaintiff's Complaint alleges that Defendant violated section 1681b(f) by accessing Plaintiff's credit file without a permissible purpose. The FCRA creates civil causes of action for both willful and negligent violations. 15 U.S.C. §§ 1681n, 1681o. Willful violations allow for actual or statutory damages as well as punitive damages, while negligent violations only allow for actual damages. In this Motion, Defendant argues that the Complaint insufficiently pleads actual damages, the Complaint fails to

invoke either a negligent or willful cause of action, and that any access of Plaintiff's credit file was done for a permissible purpose. The Court finds these arguments unconvincing.

I.      **The Complaint can be construed to claim a willful violation under FCRA.**

Defendant correctly points out that Plaintiff does not indicate in the Complaint which theory, negligent or willful, Plaintiff relies upon. However, even if a complaint omits some necessary facts, the complaint can still be sufficient "so long as the court can plausibly infer the necessary unarticulated assumptions." *Bryson v. Gonzales*, 534 F.3d 1282, 1286–1287 (10th Cir. 2008). From Plaintiff's opposition memo, it is apparent that she intends to seek relief under the willful prong of the FCRA. The Complaint seeks punitive and statutory damages, both of which are restricted to willful causes of action. Additionally, Plaintiff contends that Defendant knowingly accessed Plaintiff's credit files without an authorized purpose. This suggests Plaintiff is attempting to establish the elements for a willful violation. Despite Plaintiff's failure to cite section 1681n, the Court finds that the Complaint represents a section 1681n claim and the Court will consider whether this willful cause of action is sufficiently pled.

The Supreme Court has held that a willful violation of section 1681n encompasses both knowing and "reckless disregard of a requirement of FCRA." *Safeco*, 551 U.S. at 71. The Plaintiff's Complaint asserts that Defendant "was aware that Plaintiff did not owe the debt it claimed she owed." Pl's. First Am. Compl. Doc. 12 ¶ 15. Further, the Complaint contends that despite Sallie Mae's awareness that the debt was not Plaintiff's, "Sallie Mae accessed Plaintiff's credit files and information impermissibly and without Plaintiff's consent or knowledge." Pl's. First Am. Compl. Doc. 12 ¶ 20. "To find a willful violation, the actions of the [agency] must be 'objectively unreasonable' under the text of the FCRA." *Campbell v. Experian Info. Solutions, Inc.*, No. 08-4217-CV-C-NKL, 2009 U.S. Dist. LEXIS 106045, *25 (W.D. Mo. Nov. 13, 2009)

(quoting *Safeco*, 551 U.S. at 69). The Court finds that by construing the facts in the Complaint as true, Defendant's behavior could be objectively unreasonable. Further, this behavior plausibly represents a willful violation under the standard set out in *Safeco* of knowing or reckless disregard. The Court finds that the Complaint meets the pleading standard for stating a willful violation claim.

## II. Actual damages are sufficiently pled, though may not be required for willful violations.

Plausibility, not probability, is the touchstone of the *Twombly* standard. In fact, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" as long as enough facts are pled "to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556. Despite the Complaint not delineating every step of the relationship between Plaintiff's harm and the alleged violation, the harm as pled is plausible. Plaintiff contends that Defendant impermissibly accessed Plaintiff's credit file causing financial and dignitary harm by injuring Plaintiff's credit rating and reputation and by violating Plaintiff's privacy. In construing Plaintiff's Complaint as true for this Motion to Dismiss, it is reasonable to expect that discovery would reveal evidence of the harms claimed. The Court finds the Complaint sufficiently pleads actual harm and should not be dismissed.

## III. Defendant's claim that the purpose for access was permissible is a disputed factual question and cannot be determined in a Motion to Dismiss.

Defendant contends that even if it accessed the credit file as alleged in the Complaint that this access was for a permissible purpose and did not violate the FCRA. For this reason Defendant requests a dismissal of the Complaint. However, in reviewing a 12(b)(6) motion, the Court construes the Complaint as true and determines, as a matter of law, whether the Complaint

is sufficient. Defendant claims that its access to Plaintiff's credit file was for the permissible purpose of collecting a debt and after reviewing Defendant's supplemental brief, the Court finds that this argument may be colorable. However, Plaintiff has stated in her Complaint that Defendant knew she did not owe the outstanding debt and thus access to her credit file was impermissible. Because the Court construes the Complaint as true for a Motion to Dismiss, the Court cannot decide the factual question of the Defendant's purpose for accessing the credit file. As such, the Court finds that Defendant has failed to carry its burden to show why this Complaint should be dismissed.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (doc. 14) is DENIED.

**IT IS SO ORDERED.**

DATE: August 12, 2011  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT